MATTER OF YAU

In Visa Petition Proceedings

A-8939678

*Decided by Regional Commissioner May 2, 1968*

Since neither petitioner's B.S. degree in electronic engineering from a nonac-
credited school, nor his experience—practical trainee as a draftsman for a
short time with Ampex Corporation and employment as a practical trainee
with Teledyne Systems as a junior member of the Technical Staff—, nor a
combination of his experience and education are the equivalent of a B.S.
degree in electronic engineering from an accredited college or university
in the United States, he does not qualify as a member of the professions
as an electronic engineer within the meaning of sections 101(a) (32) and
203(a) (3) of the Immigration and Nationality Act, as amended.*

ON BEHALF OF PETITIONER: Hiram W. Kwan, Esquire
1011 North Broadway, Suite 203
Los Angeles, California 90012

This case comes forward on appeal from the decision of the
District Director, Los Angeles, who denied the petition on April
3, 1968 in that the applicant's B.S. degree in electronic engineer-
ing from a nonaccredited school does not qualify as a member of
the professions eligible for preference classification under section
203(a) (3) of the Immigration and Nationality Act, as amended.

Oral argument was requested and granted. Counsel appeared
for such argument as scheduled.

The petitioner is a 39-year-old single male, a native of Hong
Kong and a citizen of Great Britain. He was admitted to the
United States as a visitor August 12, 1955 for three months and
was granted change of status to student on November 18, 1955.
He has been in student status continuously since that time. His
third and final period of practical training following graduation
will expire August 8, 1968. He first attended California Polytech-
nic Institute in San Luis Obispo, California, then Sacramento
Junior College in Sacramento, California, then New York City

---

* Reaffirmed. See 293 F. Supp. 717.

College, then RCA Institute in New York, then Sacramento Junior College again, then RCA Institute in Los Angeles and lastly enrolled at Pacific States University in Los Angeles in January 1967 from which he graduated on June 13, 1967 with a degree of Bachelor of Science in electronic engineering.

Following his graduation he was employed as a practical trainee for a short time with Ampex Corporation in Culver City, California as a "draftsman" and since March 1967, has been employed as a practical trainee with Teledyne Systems of Los Angeles as a junior member of the Technical Staff.

The present petition for classification for third preference as an electronic engineer was filed in his own behalf March 5, 1968.

Section 101(a)(32) states: "The term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries."

Section 203(a)(3) of the Immigration and Nationality Act provides for the issuance of visas "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

Examination of the occupations named in section 101(a)(32) of the Act indicates the following characteristics common to all: (1) recognition as a member of those professions normally requires a successful completion of a specific course of education on the college or university level, culminating in the attainment of a specific type of degree or diploma; and (2) the attainment of such degree or diploma is usually the minimum requirement for entry into those occupations (*Matter of Asuncion*, 11 I. & N. Dec. 662).

In support of his application petitioner has presented evidence of his graduation from Pacific States University with a Bachelor of Science degree in electronic engineering. This school, however, is not an accredited school. The Office of Education, Department of Health, Education and Welfare on March 28, 1967 advised this Service as follows: "Our records, spanning more than a quarter century, reveal that Pacific States University is not accredited and has not established that its degrees are recognized or that its credits are accepted unconditionally by accredited institutions of higher education." The accrediting commission for senior colleges and universities, Western Association of Schools and Colleges does not recognize Pacific States University as an accredited institution of higher learning.

The University of Southern California, Los Angeles, California advised this office on April 20, 1967 that credits issued by Pacific States University are not accepted by the University of Southern California and that Pacific States University "bears no accreditation by the Western Association of Schools and Colleges."

The University of California, Los Angeles, California advised this office on May 10, 1967 that the University of California does not accept transfer credit for work completed at Pacific States University since it is not accredited by the aforementioned Western Association of Secondary Schools and Colleges.

While the occupation of electronic engineer is included in the occupations listed in Group II of Schedule A of 29 CFR 60 and, therefore, covered by the blanket certification of the Department of Labor as provided by section 212(a)(14) of the Act, eligibility is limited to "persons who have received a degree conferred by an *accredited* institution of higher learning in any of the following specialties or have experience or a combination of experience and education equivalent to such a degree." (Group II Schedule A, 29 CFR 60)

Not having a degree conferred by an accredited institution petitioner fails to qualify for the blanket labor certification and requires an individual certification which he does not have.

Counsel argues that the Service has approved Pacific States University for the attendance of nonimmigrant aliens and that, therefore, his degree in electronic engineering should be recognized as an accredited degree. This argument has no merit. There are many technical schools, vocational and industrial schools and schools approved for Veterans' Administration benefits which are approved for attendance of foreign students but are not necessarily recognized as accredited schools. Service approval for attendance of nonimmigrant aliens does not automatically place the graduate of those schools in a professional classification as a member of the professions eligible for third preference classification. The application for third preference classification must on its own merits, establish that the occupation is a profession and that the beneficiary qualifies as a member of the professions and is able and will perform the duties of that position.

It is concluded that the attainment of a degree in electronic engineering from a nonaccredited school does not provide the petitioner with the academic background which can be accepted as a realistic qualification for a professional electronic engineer. Petitioner has failed to establish that he has received the equivalent of a bachelor's degree in electronic engineering conferred by an

77

accredited college or university in the United States or that he has the experience or a combination of experience and education required for such a degree. Petitioner has failed to satisfactorily establish that he is eligible for the preference classification he seeks. The decision of the District Director was proper. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be dismissed.